UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERA TRUCKING, INC., et al.,<br><br>　　　　Defendants. | Case No. 23-cv-01447-PCP<br><br>**ORDER EXTENDING DEADLINE TO SERVE DEFENDANTS AND DISMISSING WITHOUT PREJUDICE MOTION TO AUTHORIZE SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 40 |

Plaintiff United Specialty Insurance Company has not yet served individual defendants Denisse Ramirez, Francisco Cruz, Alex Jesus Soto, Lilia Cortez De La Rosa, or Satinderpal Singh. USIC has moved for an order authorizing service of summons to these defendants by publication. For the reasons set forth below, that motion is denied without prejudice because USIC has not shown that it has attempted service by mail in a matter that complies with all of the requirements of California Code of Civil Procedure Section 415.30. USIC has also asked to extend its deadline to serve these defendants. That request is granted. The new deadline to complete service is March 8, 2024.

Federal Rule of Civil Procedure 4(e) allows for service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Pursuant to this provision, USIC seeks authorization to serve the individual defendants by publication under Section 415.50 of the California Code of Civil Procedure. Section 415.50 specifies that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article." Here, USIC has included declarations explaining how it has made

multiple unsuccessful attempts to serve the individual defendants personally at what USIC believes are their home addresses. USIC's Certificate of Service corresponding to this motion also indicates that it has mailed copies of this motion as well as the underlying complaint to the individual defendants. USIC's motion and declarations do not, however, clearly establish whether USIC has attempted to serve the individual defendants by mail in a manner that complies with all of the requirements set forth in Section 415.30 of the California Code of Civil Procedure. Accordingly, the Court is not satisfied that the individual defendants "cannot with reasonable diligence be served in another manner specified in this article" as is required to authorize service by publication. USIC's motion to authorize service by publication is therefore denied without prejudice to renewal if USIC can show that service by mail in compliance with Section 415.30 was not successful.

USIC also seeks to extend the deadline for serving the individual defendants. Federal Rule of Civil Procedure 4(m) directs that if a "defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time," but allows extension "for an appropriate period" if "the plaintiff shows good cause for the failure." Even though USIC has not yet established that service by publication is warranted, its declarations demonstrate that it has made diligent (if unsuccessful) efforts to serve the individual defendants. The Court is therefore satisfied that good cause exists to extend USIC's deadline to serve the individual defendants to Friday, March 8, 2024.

USIC's request for authorization of service by publication is denied without prejudice. USIC's deadline to serve the unserved individual defendants is extended to March 8, 2024. The hearing on the motion set for January 11, 2024 is vacated.

**IT IS SO ORDERED.**

Dated: December 4, 2023

P. Casey Pitts
United States District Judge